AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Massachusetts

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| RANDI A. BOCHINSKI | ) | Case Number: 10-CR-10199-DPW-001 |
| | ) | USM Number: 94375-038 |
| | ) | Martin F. Murphy |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   2s-4s,5s-7s,8s of the Superseding Indictment on 5/21/13

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 1343 | Wire Fraud | 6/30/2005 | 2s |
| 18 U.S.C. § 1343 | Wire Fraud | 7/1/2005 | 3s |
| 18 U.S.C. § 1343 | Wire Fraud | 7/1/2005 | 4s |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  1-6, 1s   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/18/2013
Date of Imposition of Judgment

*/s/ Douglas P. Woodlock*
Signature of Judge

Douglas P. Woodlock          Judge, U.S. District Court
Name and Title of Judge

October 23, 2013
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page **2** of **9**

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 6/20/2006 | 5s |
| 18 U.S.C. § 1341 | Mail Fraud | 8/20/2007 | 6s |
| 18 U.S.C. § 1341 | Mail Fraud | 9/17/2007 | 7s |
| 18 U.S.C. § 1957 and 18 U.S.C. § 1343 | Monetary Transactions in Proceeds of Specified Unlawful Activity | 2/27/2006 | 8s |

AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

72 months. This term consists of terms of 72 months on Counts 2s-8s, all to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant should participate in substance abuse treatment while in Bureau of Prisons' custody.

The defendant should be designated to FDC SeaTac or CI Taft.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years. This term consists of terms of 3 years on Counts 2s-8s, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, ~~as determined by the court~~ not to exceed 104 tests per year, as directed.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet 3A — Supervised Release

Judgment—Page  5  of  9 

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall not have any direct or indirect contact with the victims in the case, except as may be deemed necessary through counsel to establish the defendant's legal positions.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services.

If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 9

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 700.00 | $ | $ 5,222,757.16 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Allen, Elizabeth Cabell | | $22,000.00 | |
| Allen, William R. & Elizabeth Patrick | | $22,000.00 | |
| Bair, Cathy | | $52,773.12 | |
| Bair, Joseph | | $34,611.05 | |
| Barta, Kim J. (d/b/a Allied Investors, LLC) and Barta, Kathleen Carter | | $34,200.00 | |
| Bergin, Gary L. and Deborah J. | | $22,000.00 | |
| Brathwaite, James S. | | $108,500.00 | |
| Brockman, Tom (Allied Investors) | | $5,000.00 | |
| Broring, Paul J. and Marie Buckley | | $100,000.00 | |
| Brown, Douglas A. | | $50,000.00 | |

XTOTALSXXXXXXXXXXXXXX$XXXXXXXXXXXXXX0.00XXXXX$XXXXXXX2,595,642.85XX

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5A — Criminal Monetary Penalties

Judgment—Page 7 of 9

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss | Restitution Ordered | Priority or percentage |
|---|---|---|---|
| Brown, Jeffrey L. and Barbara | | | $978,325.00 |
| Buckley, Michael J. | | | $228,500.00 |
| Busch, Andrea N. | | | $70,975.00 |
| Doolin II, James and Judith | | | $16,000.00 |
| Doolin III, James and Dina | | | $1,600.00 |
| Duncan, John Nelson | | | $73,730.00 |
| Elizares, James and Lori | | | $62,500.00 |
| Fritzinger, J. Steven | | | $50,000.00 |
| Givin, Homer (deceased) | | | $209,414.25 |
| Gordon, George R. and Lucille Mary Hoss | | | $77,250.00 |
| Hong, Charlie H. | | | $100,000.00 |
| Jakomas, Ted and Andrea | | | $51,500.00 |
| Jordahn, Annie | | | $541,980.06 |
| King, John David | | | $27,940.00 |
| Kumpf, John and Pauline | | | $106,000.00 |
| Kywe, Virginia D. | | | $6,500.00 |
| Lelger, Don (Allied Investors) | | | $25,000.00 |

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 8 of 9

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Little, Gary and Carolyn | | $104,485.00 | |
| Loomis, Lynn and Viola | | $14,040.00 | |
| McGarvey, Ella (deceased) | | $598,996.47 | |
| McGregor, Bennett and Linda | | $112,000.00 | |
| McLemore, Samuel | | $500.00 | |
| McNeilley, Barbara | | $29,800.00 | |
| Merkel, Kevin T. and Gina Lee Sheperd | | $2,945.00 | |
| Nagurney, Norma and Anthony | | $383,000.00 | |
| Lawson, Molly | | $45,000.00 | |
| Dean, Meagan Lawson | | $5,000.00 | |
| Lawson, Michael | | $7,000.00 | |
| Newhard, Bobby (deceased) and Mary Etta | | $28,790.00 | |
| O'Connell, Shawn P. | | $50,000.00 | |
| Pagano, Joe (Allied Investors) | | $12,000.00 | |
| Porta, Scott Snyder and Jennifer | | $116,543.70 | |
| Potter, George and Penelope | | $281,000.00 | |
| Rudison, Elizabeth | | $19,200.00 | |
| Shaffer, Jerome | | $62,500.00 | |
| Shelly, William J. and Wanda | | $16,250.00 | |
| Simmons, Preston E. | | $34,750.00 | |
| Smitherman, James and Susan D. | | $196,683.51 | |
| Walker Jr., Robert and Rosemary | | $23,975.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 9 of 9

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay the special assessment of $700.00, and restitution of $5,222,757.16, immediately, within 30 days, or according to a payment plan established by the Court in consultation with the probation officer, if not paid in full before release from prison through a Bureau of Prisons financial responsibility program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

The restitution shall be paid by the defendant, Randi A. Bochinski in case no. 10-cr-10199-DPW-001, jointly and severally with any other person(s) convicted of the instant offense who is or may be ordered to pay restitution in this matter, including co-defendant, Albert E. Gilner, in case no. 10-cr-10199-DPW-002. Any payment made, that is not payment in full, shall be divided proportionately among the parties named.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached Order of Forfeiture (Money Judgment).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Attachment (Page 1) — Statement of Reasons

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

## I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☐ The court adopts the presentence investigation report without change.

B ☑ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
*(Use page 4 if necessary.)*

  1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

  2 ☑ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):
  Declined to apply 3B1.1(c)

  3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II  COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  ☐ findings of fact in this case
  ☐ substantial assistance (18 U.S.C. § 3553(e))
  ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:

Total Offense Level: __28__
Criminal History Category: __I__
Imprisonment Range: __78__ to __97__ months
Supervised Release Range: __1__ to __3__ years
Fine Range: $ __12,500__ to $ __500,000__

☑ Fine waived or below the guideline range because of inability to pay.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Attachment (Page 2) — Statement of Reasons

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** *(Check only one.)*

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. *(Use page 4 if necessary.)*

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. *(Also complete Section V.)*

D ☑ The court imposed a sentence outside the advisory sentencing guideline system. *(Also complete Section VI.)*

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

A   **The sentence imposed departs** *(Check only one.)*:
    ☐ below the advisory guideline range
    ☐ above the advisory guideline range

B   **Departure based on** *(Check all that apply.)*:

  1   **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☐ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion.

  2   **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

  3   **Other**
      ☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

C   **Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
*(Check all that apply.)*

A **The sentence imposed is** *(Check only one.)*:
☑ below the advisory guideline range
☐ above the advisory guideline range

B **Sentence imposed pursuant to** *(Check all that apply.)*:

1 **Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*:

C **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☑ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*
The arithmetic of the guidelines calculations generated a sentence far too severe to satisfy the overall obligation to impose a sentence sufficient but not greater than that necessary to serve the purposes of § 3553. The sentence imposed was tailored to serve those purposes more appropriately.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Attachment (Page 4) — Statement of Reasons

DEFENDANT: RANDI A. BOCHINSKI
CASE NUMBER: 10-CR-10199-DPW-001
DISTRICT:       District of Massachusetts

# STATEMENT OF REASONS

**VII COURT DETERMINATIONS OF RESTITUTION**

A    ☐   Restitution Not Applicable.

B    Total Amount of Restitution:   5,222,757.16

C    Restitution not ordered *(Check only one.)*:

    1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4   ☐   Restitution is not ordered for other reasons. *(Explain.)*

D    ☐   Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   None
Defendant's Date of Birth:   1964
Defendant's Residence Address:
   Kelowna, British Colombia, Canada
Defendant's Mailing Address:
   Unknown.

Date of Imposition of Judgment
10/18/2013

Signature of Judge
Douglas P. Woodlock     U.S.D.J.
Name and Title of Judge
Date Signed   October 23, 2013

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 10-10199-DPW |
| ) | |
| (1) RANDI A. BOCHINSKI, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, D.J.**

WHEREAS, on December 15, 2010, a federal grand jury sitting in the District of Massachusetts returned an eight-count Superseding Indictment charging defendants Randi A. Bochinski and Albert E. Gilner *a.k.a.* Alan Gilner (the "Defendants"), jointly and severally, with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Four); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Five through Seven); and Monetary Transactions in Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2 (Count Eight);

WHEREAS, the Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, jointly and severally, upon conviction of the Defendants of any offense in violation of 18 U.S.C. §§ 371, 1341, or 1343 of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses. The forfeiture allegation in the Superseding Indictment also provided notice that pursuant to 18 U.S.C. § 982(a)(1), the United States sought the forfeiture, jointly and severally, upon conviction of the Defendants of any offense in violation of 18 U.S.C. § 1957 of any property, real or personal,

1

involved in such offense, or any property traceable to such property;

WHEREAS, the Superseding Indictment further provided that, if any directly forfeitable property, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C § 853(p). Such property includes, without limitation, the following:

> the real property located at 1412 South Riverside Drive, New Smyrna Beach, Florida, being the same premises conveyed to Valerie N. King and Alan Gilner on November 7, 1995 and recorded on November 27, 1995 under instrument No. 95179140 in Volusia County, Florida in Book 4056, Page 1267, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lots 7 and 8, Block 2, BARR'S SUBDIVISION in the City of New Smyrna Beach, Florida, per map in Map Book 1, Page 106, Public Records of Volusia County, Florida.
>
> Parcel identification number:
> 7449-01-02-0070;

WHEREAS, on May 21, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Bochinski pled guilty to Counts One through Eight of the Superseding Indictment, pursuant to a written plea agreement that he signed on May 15, 2013;

WHEREAS, in Section 9 of the plea agreement, defendant Bochinski agreed to forfeit to the United States assets directly traceable to the offenses, assets used to facilitate the offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses as a result of his guilty plea;

2

WHEREAS, as detailed in United States Postal Inspection Service Postal Inspector Frederick T. Busch's Affidavit (the "Busch Affidavit"), attached as Exhibit A to the United States' Motion for Order of Forfeiture (Money Judgment), the United States has determined that the Defendants obtained at least $5,222,757.16 in proceeds from their conspiracy, mail fraud and wire fraud in violation of 18 U.S.C. §§ 371, 1341 and 1343, respectively;

WHEREAS, based on defendant Bochinski's admissions in the written plea agreement, his guilty plea on May 21, 2013 and the Busch Affidavit, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against defendant Bochinski, jointly and severally with defendant Gilner (the "Co-Defendant"), in the amount of $5,222,757.16 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c);

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment defendant Bochinski, jointly and severally with the Co-Defendant, in the amount of $5,222,757.16 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Randi A. Bochinski, jointly and severally with the Co-Defendant, shall forfeit to the United States the sum of $5,222,757.16 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal

Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C.§853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against defendant Bochinski.

DOUGLAS P. WOODLOCK
United States District Judge

Dated: October 23, 2013

